# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **ROBERT FUSCO,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 3:18-cv-00602 |
| | ) Judge Trauger |
| **JONATHAN LEBO, Warden,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

### I. Introduction

The petitioner, Robert Fusco, is a state prisoner incarcerated at the Riverbend Maximum Security Institution in Nashville, Tennessee. He has filed a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) and has paid the filing fee.

According to the petition, the petitioner was convicted of especially aggravated kidnapping, conspiracy to commit aggravated robbery, conspiracy to commit aggravated kidnapping, attempted aggravated robbery, and aggravated burglary in Montgomery County Criminal Court on September 24, 2009, and received an effective 65-year sentence. (Doc. No. 1 at 1.) The petitioner now challenges the legality of his conviction and sentence, claiming among other things, that he was denied the effective assistance of counsel at trial. (Doc. No. 2 at 52–101.)

Upon initial review of the petition, the court directed the respondent to file the state court record and to respond to the petitioner's claims. (Doc. No. 8.) On January 22, 2019, the respondent filed a Motion to Dismiss the petition as untimely (Doc. No. 12) and a supporting Memorandum of Law (Doc. No. 13.) In response to the motion to dismiss, the petitioner filed a "Memorandum of Law and Facts in Support of Equitable tolling of limitations" (Doc. No. 14), to which the respondent has replied (Doc. No. 16).

Having carefully considered these pleadings and the record, it appears that an evidentiary hearing is not needed in this matter. *See Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003) (an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the court shall dispose of the petition as the law and justice require. Rule 8, Rules Gov'g § 2254 Cases.

**II.     Procedural History**

After appealing his 2009 conviction to the Tennessee Court of Criminal Appeals (TCCA), which affirmed the trial court, the petitioner applied for permission to appeal to the Tennessee Supreme Court, which vacated the decision of the TCCA and remanded the matter for reconsideration. The TCCA on remand again affirmed the petitioner's conviction, *State v. Fusco*, 404 S. W. 3d 504 (Tenn. Crim. App. 2012), and the Tennessee Supreme Court declined to further review the case on April 11, 2013. (Doc. No. 11-27.) The petitioner did not seek review in the U.S. Supreme Court.

The petitioner filed a *pro se* petition for post-conviction relief in state court on April 3, 2014, having submitted it to prison authorities for mailing on March 31, 2014. (Doc. No. 11-28 at 2338, 2345.) The trial court denied the petition after holding an evidentiary hearing. The TCCA affirmed the trial court's denial of post-conviction relief in a decision dated December 11, 2017. *Fusco v. State*, No. M2016-00825-CCA-R3-PC, 2017 WL 6316621 (Tenn. Crim. App. Dec. 11, 2017). The petitioner did not timely seek permission to appeal to the Tennessee Supreme Court. In February 2018, he attempted to late-file an application for permission to appeal to the Tennessee Supreme Court, but his application was returned to him because the Court's mandate had already issued. (Doc. No. 14-5.)

2

The *pro se* petition for writ of habeas corpus under § 2254 was received and filed in this court on July 2, 2018, after the petitioner purportedly submitted it to prison authorities for mailing on June 20, 2018. (Doc. No. 1 at 15.)[1]

**III.   Analysis**

   A.   Timeliness of the Petition

Petitions under § 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1); *Holland v. Florida*, 560 U.S. 631, 635 (2010). In most cases, including the case at bar, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Following the Tennessee Supreme Court's denial of discretionary review on April 11, 2013, the petitioner had ninety days in which to take the final step in the direct appeal process by filing a petition for writ of certiorari in the U.S. Supreme Court. He did not file such a petition, and so his conviction became final at the conclusion of this ninety-day period, on July 10, 2013. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012); *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009). The running of the statute of limitations is counted from the following day, July 11, 2013. *See* Fed. R. Civ. P. 6(a)(1)(A) (when computing a time period "stated in days or a longer unit of time . . . exclude the day of the event that triggers the period"); *Bronaugh v. Ohio*, 235 F.3d 280, 284 (6th Cir. 2000) (applying Rule 6(a)'s standards for computing periods of time to habeas filing).

The one-year statute of limitations thus began to run nearly five years prior to the filing of this action. However, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2). The petitioner filed his *pro se* state post-conviction petition on

---

[1]   The petition and a supporting memorandum of law arrived in this court in a certified, priority mailing postmarked in Madison, Alabama on June 28, 2018. (Doc. No. 1 at 20.)

3

March 31, 2014, when he submitted it to prison authorities for mailing. *See* Tenn. Sup. Ct. R. 28, § 2(G) (codifying prison mailbox rule in Tennessee post-conviction cases). The period of statutory tolling began on that date (263 days after the limitations clock started on July 11, 2013) and continued until February 9, 2018, which was sixty days after the TCCA issued its opinion affirming the denial of post-conviction relief and the final day that the petitioner could have sought review in the Tennessee Supreme Court. *See* Tenn. R. App. P. 11(b) (establishing that an application for permission to appeal to the Tennessee Supreme Court must be filed "within 60 days after the entry of the judgment of the . . . Court of Criminal Appeals"); *see also Gonzalez*, 132 S. Ct. at 653 (confirming that a judgment becomes final when the time for seeking review with the State's highest court expires). With the conclusion of state post-conviction proceedings, the running of the limitations period resumed. *Lawrence v. Florida*, 549 U.S. 327, 331–32 (2007).

The limitations clock began to run again on February 10, 2018. At that point, the petitioner had 102 days (365 minus 263)—or until May 23, 2018—to file a timely § 2254 petition. He purports to have submitted his petition to prison authorities for mailing 130 days later, on June 20, 2018. (Doc. No. 1 at 15, 19); *see Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (recognizing "relaxed filing standard" under which "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court"). At the time the petition was filed, the petitioner believed that June 20, 2018 was his deadline for timely filing "when given credit for the 90 days within which Mr. Fusco could have appealed to the United States Supreme Court on direct appeal despite the fact that he did not so appeal." (Doc. No. 1 at 15.) He now recognizes that his petition was not timely filed on that date and seeks equitable tolling of the limitations period.

    B.    Equitable Tolling

The expiration of the statutory limitations period does not act as a jurisdictional bar to habeas relief but may be equitably tolled in appropriate cases. *Holland*, 560 U.S. at 645–49. The

doctrine of equitable tolling is used sparingly and is typically applied "only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (citing *Graham–Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 560–61 (6th Cir. 2000)). It is the petitioner's burden to show that he is entitled to equitable tolling, *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002), a burden he may carry by showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649; *see also Stiltner v. Hart*, 657 F. App'x 513, 520 (6th Cir. 2016). In this case, the petitioner fails to carry his burden on either front.

In his memorandum in support of equitable tolling (Doc. No. 14), the petitioner asserts that he had stored all of his legal documents in the law library of the Morgan County Correctional Complex (MCCX) during his incarceration there. (*Id.* at 5.) He states that, when he received the December 11, 2017 decision of the TCCA affirming the denial of post-conviction relief, he knew he had "a tight deadline" to file his application for review in the Tennessee Supreme Court, and so he took the necessary documents from the library to his cell so that he could work on his application without interruption. (*Id.*) On January 10, 2018, the petitioner was transferred from MCCX. (*Id.* at 6.) When he arrived at West Tennessee State Prison (WTSP) the next day, he was placed in administrative segregation pending investigation of an incident that occurred at MCCX. (*Id.*; Doc. No. 14-1.) During his transfer from MCCX to WTSP, the petitioner's personal property and legal documents were lost, and in response to his inquiry of February 5, 2018, "he was basically told that his property has been disposed of." (Doc. No. 14 at 6–7.) The petitioner remained in administrative segregation at WTSP until April 20, 2018, when he was moved to disciplinary segregation based on multiple violations of prison rules. (Doc. No. 14 at 8–9; Doc. No. 14-7; Doc. No. 15 at 7.)

While he was in administrative segregation, the petitioner drafted (and had a clerk in the prison law library type) a "Motion to Accept Late Filed Application" for permission to appeal to the Tennessee Supreme Court, as well as a "thorough" application for permission to appeal apparently numbering some 62 typed pages. (Doc. No. 14 at 7; Doc. No. 14-5.) These documents were submitted to prison officials for mailing on March 5, 2018 and were received in the Tennessee Supreme Court on March 7, 2018. (Doc. No. 14-5.) Under a cover letter dated that same day regarding "Filings received recently in your previous case," the Tennessee Office of the Clerk of the Courts returned these filings to the petitioner, advising him to "see the copy of the mandate that was sent to you on February 13, 2018." (Doc. No. 14-5 at 2.) However, the petitioner claims he did not receive these returned documents until April 9, 2018, in an envelope postmarked April 5, 2018.[2] (Doc. No. 14 at 7; Doc. No. 14-4 at 2.)

Meanwhile, the petitioner's family had engaged a lawyer, Mr. Gary L. Anderson, to assist with the composition of a federal petition for the writ of habeas corpus. Under a cover letter dated May 23, 2018, Mr. Anderson provided the petitioner with the draft petition and a stamped envelope for mailing the signed petition to this court. (Doc. No. 14-6 at 5.) Unbeknownst to Mr. Anderson or the petitioner, May 23, 2018 was the deadline for filing a timely habeas petition. After the petitioner called Mr. Anderson's office to object to typographical errors and the brevity of the draft petition, he received a corrected draft in the mail on June 20, 2018, which he "immediately signed and submitted to prison officials for mailing." (Doc. No. 14 at 8; *see* Doc. No. 14-6 at 7–9.) Although Mr. Anderson's June 18, 2018 letter to the petitioner advised that "courts are more receptive to short and concise arguments, like those I made in your writ" (Doc. No. 14-6 at 7), the

---

[2] As the respondent notes (Doc. No. 16 at 3 n.1), the envelope the petitioner refers to bears the return address of the Tennessee Attorney General's Office, rather than the address of the Tennessee Supreme Court Clerk's Office. (Doc. No. 14-4 at 2.)

petitioner also filed a memorandum of law in support of the petition that consisted of 102 typed pages.

The petitioner argues that the foregoing shows that he was diligent in pursuing his rights and that he was prevented from timely filing in this court due to the extraordinary circumstances of his placement in segregation; the loss of his legal materials; the lack of prompt notice from the Tennessee Supreme Court that his attempt to late-file an application for permission to appeal had been rejected; and the need for Mr. Anderson "to obtain the complete record necessary to research his claims thoroughly and set forth his arguments," "given that prisoners have only one chance to file a collateral attack on their conviction." (Doc. No. 14 at 14.)

Even if the history recounted by the petitioner demonstrates a degree of diligence on his part, that diligence was not directed toward filing a timely § 2254 petition. While it is unclear exactly when the petitioner's family hired Mr. Anderson to assist with his federal filing, Mr. Anderson's first letter to the petitioner concerning filing in federal court was dated January 12, 2018. (Doc. No. 14-6 at 3.) In early February 2018, the petitioner learned that his legal materials had been disposed of following his transfer to WTSP, and he was aware that his application for leave to appeal to the Tennessee Supreme Court was due by February 9, 2018. (Doc. No. 14-5 at 3.) Yet over the month that followed, he chose to pursue a lengthy application for permission to appeal that he knew was untimely, and he then awaited a ruling from the Tennessee Supreme Court for another month. It is possible that the petitioner mistakenly believed this filing to be necessary in order to exhaust his state-court remedies. Regardless, despite his allegedly delayed receipt of the return of his attempted filing, the petitioner still had 44 days in which to file a timely § 2254 petition after he received this return from the appellate court clerk on April 9, 2018. During that time, the petitioner appears to have waited for Mr. Anderson to provide him with a draft petition. Then, the petitioner appears to have spent the month following his filing deadline reviewing the

draft petition substantively and for typographical errors while completing his 102-page supporting memorandum of law. Diligence in the pursuit of every possible theory of state and federal relief, regardless of the attendant delays does not amount to diligence in the pursuit of the petitioner's rights, where he was aware that his right to collateral review was time-limited. *See Jurado*, 337 F.3d at 644.

Even if the petitioner were deemed to have pursued his rights with due diligence, he has not demonstrated that "some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649. He reasonably argued before the Tennessee Supreme Court that, in the wake of the TCCA's December 11, 2017 decision on his post-conviction appeal, his January 2018 transfer to WTSP, his placement in segregation, and the loss of his legal materials kept him from filing his application for permission to appeal by the February 2018 deadline.[3] *Cf. Solomon v. United States*, 467 F.3d 928 (6th Cir. 2006) (applying equitable tolling where petitioner was transferred without his legal materials to a new prison, placed in administrative detention, then transferred again, all within a month of his filing deadline). However, as it relates to his filing in this court, the petitioner has not shown that he was prevented from timely filing by some extraordinary circumstance; he has at best demonstrated that his ability to file a comprehensive habeas petition was hampered by less-than-ideal circumstances.

---

[3] "[T]he time period for filing an application for permission to appeal is not jurisdictional in a case arising from the Court of Criminal Appeals and may be waived by the Supreme Court in the interest of justice." Tenn. R. App. P. 11(b). Had the appellate court clerk allowed the filing of the petitioner's "Motion to Accept Late Filed Application" (Doc. No. 14-5 at 3–4), the time of its pendency before the Tennessee Supreme Court would have again tolled the limitations period. *West v. Jackson*, No. 18-4166, 2019 WL 2298735, at *2 (6th Cir. Mar. 19, 2019) (citing *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006)) (treating motion for delayed appeal, "if properly filed," as post-conviction motion). But as it happened, this motion was never pending before the court since it was returned the same day it was received in the clerk's office.

Particularly as the petitioner eventually demonstrated the ability to draft lengthy legal documents while in segregation and without his legal materials, these circumstances cannot reasonably be viewed as preventing his timely filing in this court. *See Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 751 (6th Cir. 2011) (*pro se* status, limited law library access, and lack of access to trial transcripts are "not the kind of 'extraordinary circumstance[s]'" that prevent timely habeas filing). Nor did the lack of prompt notice from the Tennessee Supreme Court that his attempt to late-file his appeal had been rejected stand in the way of his filing a timely habeas petition, as discussed above. While the petitioner asserts that his limitation to only filing one habeas petition necessitated waiting for Mr. Anderson "to obtain the complete record necessary to research his claims thoroughly and set forth his arguments" (Doc. No. 14 at 14), his correspondence with Mr. Anderson reveals that his habeas petition was in fact filed before Mr. Anderson had completed his investigation and obtained all relevant documents (Doc. No. 14-6); on June 18, 2018, Mr. Anderson advised that "[t]he petition can be filed now without delay . . . [and] [t]he Florida exhibits can be submitted at a later date." (Id. at 8.) As the respondent suggests, it appears from this correspondence and from the face of the petition that Mr. Anderson knew all the dates operative in the calculation of the limitations period but was simply mistaken about the date on which the statute of limitations expired. "Generally, an attorney's misunderstanding of a filing deadline is not grounds for equitable tolling." *Giles v. Beckstrom*, 826 F.3d 321, 325 (6th Cir. 2016). The petitioner has not shown any grounds for deviating from this general rule here.

In sum, the petitioner has failed to carry his burden of showing that his case warrants equitable tolling, which is only appropriate in circumstances that prevent timely filing and are "both beyond the control of the litigant and unavoidable with reasonable diligence." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012).

Finally, the petitioner makes no claim of actual innocence of the charges of conviction, such that the court could reach the merits of his petition despite its untimeliness. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (allowing that actual innocence can operate in rare cases as an "equitable exception to § 2244(d)(1)," rather than grounds for tolling).

**IV. Conclusion**

In view of its untimely filing, the petition (Doc. No. 1) is **DENIED**, and this action is **DISMISSED**.

"When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Swantak v. Romanowski*, No. 08-CV-10126, 2008 WL 186127, at *2 (E.D. Mich. Jan. 18, 2008) (citing *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000)). Because reasonable jurists could not find it debatable that the court is correct in its procedural ruling under the circumstances presented here, the court declines to issue a certificate of appealability in this case.

This is the final order in this action. The Clerk **MUST** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

ENTER this 16th day of August 2019.

Aleta A. Trauger
United States District Judge